B. L. HATCH *v.* H. M. ROBERTS & Co.

1. PLEADING: DEMURRER TO PLEA MUST BE DISPOSED OF BEFORE JUDG-MENT ON VERDICT.—When a plaintiff elects to demur to a plea which he might have treated as a nullity, judgment or verdict without a disposition of the demurrer will be erroneous.
2. HIGH COURT: WILL NOT NOTICE OBJECTIONS, NOT MADE IN THE COURT BELOW.—This court will not inquire into errors of the court below, or notice objections to its action which the record fails to show.

ERROR to the Circuit Court of Monroe county. Hon. Wm. H. Kilpatrick, judge.

The facts of the case sufficiently appear from the opinion.

*J. M. Acker*, and *Sale, Phelan & Dowd* for plaintiffs in error.

*L. E. Houston* and *Reuben Davis* for defendants in error.

HARRIS, J., delivered the opinion of the court.

The defendants in error commenced their action of trespass in the Circuit Court of Monroe county, to recover damages of plaintiff in error for seizing and appropriating to his own use a quantity of whiskey. The plaintiff in error filed three special pleas, presenting the following state of facts : That the said plaintiff in error was holding the office of provost-marshal of the city of Aberdeen, and that there were several large hospitals there filled with the wounded soldiers of the Confederate army, from the battles of Shiloh and Corinth, and also with sick soldiers from diseases of the camp, and that whiskey was necessary as a medicine for their safety; and there was immediate, pressing necessity for its use, to save human life; that there was no other whiskey in their reach; that defendants in error refused to sell it, and that by order of a superior officer he took eighty gallons of said whiskey, which he delivered over to the proper officer for the use of the soldiers, and sick and wounded so needing it.

To these pleas a demurrer was filed, which was taken under advisement, and a memorandum of the circuit judge was subsequently filed among the papers, sustaining said demurrer. But no entry was ever made on the record, and no judgment ever entered.

Subsequently the cause progressed to trial upon the fourth plea, and a jury and verdict was had for the plaintiffs below. There was a motion for a new trial, which was refused, and judgment entered for the defendant in error.

The cause is brought to this court by writ of error, and it is insisted that the rendition of a judgment upon the verdict of the jury, upon the fourth plea, without a disposition of the demurrer to the three preceding pleas, is erroneous.

In the case of *Marlow* v. *Harner*, 6 How. Miss. R. p. 189, it has been held by this court that when plaintiff elects to demur to a plea which he even might have treated as a nullity, a judgment without a disposition of the demurrer will be erroneous. The case of *Harper* v. *Bondurant* is to the same effect. 7 S. and M. p. 397.

We cannot notice the argument made as to the propriety of

the judgment of the court below on the demurrer, as the record shows no such judgment. Nor can we notice the objections made to the instructions of the court, as the record shows that such objections were not made in the court below, but are made *here* for the first time.

Let the judgment be reversed, cause remanded, and a *venire de novo* awarded.